# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDELMAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Defendant. | Case No.: 3:15-cv-02750-BEN-BGS<br><br>**ORDER:**<br><br>**1) DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; and**<br><br>**2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 22-23]** |

Before this Court is the Motion for Partial Summary Judgment filed by Defendant United States Securities and Exchange Commission (hereinafter "the SEC") and the Cross-Motion for Summary Judgment filed by Plaintiff Richard Edelman. (Docket Nos. 22, 23.) The motions are fully briefed. The Court finds the motions suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

For the reasons set forth below, Plaintiff's cross-motion for summary judgment on the issue of the adequacy of the SEC's search for his Freedom of Information Act ("FOIA") is denied without prejudice, the SEC's motion for summary judgment that it

properly withheld documents pursuant to FOIA Exemptions 4 and 5 is denied without prejudice, and Plaintiff's cross-motion for summary judgment that the SEC improperly withheld documents pursuant to Exemptions 4 and 5 is granted in part and denied in part without prejudice. Additionally, the Court partially sustains both Plaintiff's objections to the evidence offered by the SEC and the SEC's objections to portions of Plaintiff's opposition and cross-motion for summary judgment.

## BACKGROUND[1]

This action is based on Plaintiff's claim that the SEC failed to comply with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. to respond to his FOIA requests. Plaintiff's FOIA claims are based on two written FOIA requests to the SEC's Office of FOIA Services ("FOIA Office").

The first request was submitted on February 9, 2015, requesting:

> [A]ll documents, records, material of any nature concerning investigation in the matter of Empire State Realty Trust MNY-08894. This would include Wells Notices and Wells Submissions in response. This FOIA also requests similar documents of any other SEC investigation concerning Empire State Realty Trust.

(Docket No. 1, Compl., Ex. 1 at p. 2; Docket No. 23-4, Declaration of Richard Edelman (hereinafter "Edelman Decl.") ¶ 12.)[2] On March 19, 2015, the FOIA Office advised Plaintiff that it had identified three boxes of documents responsive to his request, and asked him to confirm his willingness to pay for the estimated review and duplication expenses. (Compl., Ex. 3; Edelman Decl. ¶ 13.) On the same day, Plaintiff responded that he would pay for the estimated expenses. (Compl., Ex. 4; Edelman Decl. ¶ 13.)

---

[1] The following overview of facts are drawn from the admissible evidence submitted by the parties in litigating the pending summary judgment motions.
[2] All page number references to the parties' moving papers in this Order refer to the page numbers generated by the CM/ECF system.

As of May 28, 2015, Plaintiff still had not received a response or any of the requested records from the FOIA Office. Subsequently, Plaintiff appealed the SEC's failure to timely respond to his request. (Compl., Ex. 5.) On June 23, 2015, the Office of General Counsel ("OGC") for the SEC remanded Plaintiff's appeal to the SEC acknowledging that the FOIA Office had not met its statutory obligation to respond to Plaintiff's request and "requesting that the FOIA Officer process this request as expeditiously as possible." (*Id.*, Ex. 7.)

On September 28, 2015, the FOIA Office informed Plaintiff that 1,442 pages of records had been identified as responsive to his request. The FOIA Office granted access to these records, "except for certain information protected from release pursuant to 5 U.S.C. § 552(b) (4), (5), (6), and/or 7 (C), 17 CFR § 200.80(b) (4), (5), (6) and /or ii [sic][.]" (*Id.*, Ex. 9.)

On October 23, 2015, Plaintiff appealed "all adverse decisions" related to his FOIA request. (*Id.*, Ex. 10.) During the SEC's review of Plaintiff's appeal, Ms. Cozza, an OGC Senior Attorney, discovered the potential existence of approximately 44,000 documents on two CDs that was produced by Malkin Holdings, LLC ("Malkin") to an SEC attorney that were "likely responsive" to Plaintiff's request. (Cozza Decl. ¶¶ 12-13.) On December 2, 2015, Associate General Counsel Richard M. Humes remanded Plaintiff's request "to the FOIA Officer for further consideration of whether to assert Exemptions 4, 5, 6, and 7(C)." (Compl., Ex. 13.) Pursuant to the remand, the SEC subsequently obtained the two CDs placed it in a queue for complex requests because of the time needed to process the volume of documents. (Cozza Decl. ¶ 16.) The SEC subsequently "located an 'index' which itemizes the[] 44,000 pages of additional records." (*Id.*) However, Malkin had also requested confidential treatment of the index (hereinafter "Malkin Index"), which the OGC ultimately decided to withhold under Exemption 4. (*Id.*)

The second FOIA request was sent on March 11, 2015, and requested the "SEC Division of Enforcement Case Closing Report in the matter of Empire State Realty Trust

Inc." (Compl., Ex. 14.) On April 1, 2015, the FOIA Office denied Plaintiff's request because "a Case Closing Report was not produced." (*Id.*, Ex. 16.) The FOIA Office further advised that it possessed a "Case Closing Recommendation" that was exempt from production pursuant to 5 U.S.C. § 552 (b) (5) [sic]." (*Id.*) On October 7, 2015, Plaintiff appealed the FOIA Office's decision as to his second FOIA request. (*Id.*, Ex. 17.) On November 12, 2015, Mr. Humes denied Plaintiff's appeal. (*Id.*, Ex. 18.)

On December 8, 2015, Plaintiff filed the instant lawsuit asserting two claims for relief based on his allegations that the SEC violated FOIA by failing to fully comply with his February 9 and March 3, 2015 FOIA requests. (Docket No. 1.) After negotiations between the parties over production of the Malkin Index failed, the SEC filed the instant motion for partial summary judgment and Plaintiff filed the instant cross-motion for summary judgment. (Docket Nos. 22-23.)

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(a).[3] A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must demonstrate that no genuine issue of material fact exists for trial. *Id*. at 322.

///

---

[3] Unless stated otherwise, all references to Rules in this Order are to the Federal Rules of Civil Procedure.

4

"FOIA cases are typically decided on motions for summary judgment." *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1081 (N.D. Cal. 2015) (citing *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2011) *as amended* (Jan. 18, 2012), *overruled on other grounds in Animal Legal Def. Fund v. FDA* (*ALDF*), 836 F.3d 987, 990 (9th Cir. 2016)). A district court analyzes the adequacy of an agency's search and justification for withholding documents *de novo*. 5 U.S.C. § 552 (a)(4)(B). FOIA authorizes a district court to enjoin a defendant agency from withholding agency records, and to order a defendant agency to produce any improperly withheld records. *Id.*

It is the agency's burden to show that it has complied with its obligations under FOIA. 5 U.S.C. § 552(a)(4)(B). More specifically, an agency bears the burden of proving the adequacy of its search and that it may withhold documents under one of the exemptions. *Id.*; *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). An agency may satisfy its burden by submitting agency affidavits or declarations, provided "they contain reasonable specificity of detail rather than merely conclusory statements." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 387 (D.C. Cir. 2006)) (internal quotation marks omitted). A district court must accord "substantial weight" to an agency's affidavits, "provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [the agency's] bad faith.'" *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (quoting *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992)).

## DISCUSSION

Congress enacted FOIA to facilitate public access to Government documents. *Lahr*, *supra*, 569 F.3d at 973 (citing *Ray*, 502 U.S. at 173). FOIA's goal is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Lahr*, 569 F.3d at 973 (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989))

(internal quotation marks omitted in original). "At the same time, FOIA contemplates that some information may legitimately be kept from the public. The statute contains nine enumerated exemptions allowing the government to withhold documents or portions of documents." *Lahr*, 569 F.3d at 973 (citing 5 U.S.C. § 552(b)(1)-(9)). However, FOIA carries a "strong presumption in favor of disclosure," *Lahr*, 569 F.3d at 973, which means the nine FOIA exemptions are "explicitly made exclusive and must be narrowly construed," *Milner*, 562 U.S. at 564. Moreover, even if the documents may be withheld, the agency must disclose any "reasonably segregable" portions. 5 U.S.C. § 552(b).

Here, the SEC seeks partial summary judgment that it was justified to withhold some documents or portions of documents responsive to Plaintiff's requests under several FOIA exemptions. Plaintiff opposes the SEC's motion, and also cross-moves for summary judgment that the SEC did not conduct an adequate search, and that the exemptions invoked by the SEC do not apply to the withheld records. The Court will first address the issue of whether the SEC's search was adequate before determining whether the claimed exemptions apply.

### A. Adequacy of Searches

FOIA requires a responding agency to "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Lahr*, 569 F.3d at 986 (quoting *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985)) (internal quotations omitted). A district court evaluating the adequacy of a FOIA search does not determine "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (quoting *Lahr,* 569 F.3d at 987) (emphasis in original) (internal quotation marks omitted). Additionally, a district court assesses the adequacy of an agency's search against a standard of reasonableness, construing all facts in the light most favorable to the FOIA requestor. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995). "An agency can demonstrate the adequacy of its search through reasonably detailed, nonconclusory affidavits submitted in good faith."

*Id.*, 797 F.3d at 770; *see also Citizens Comm'n*, 45 F.3d at 1328. "Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith." *Hamdan*, 797 F.3d at 770 (citing *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Here, the SEC has not met its evidentiary burden.

First, the SEC relies solely upon the declarations of OGC Senior Attorney Carin Cozza for Plaintiff's FOIA requests. However, as will be discussed in further detail below, the Court sustains Plaintiff's objections to the portions of Ms. Cozza's declaration that pertain to the SEC's search for records responsive to his FOIA requests because she did not have personal knowledge of or supervise the searches. *See infra*, Objections. As a result, the SEC lacks any admissible evidence that it conducted an adequate search.

Second, even if the Court considers these portions of Ms. Cozza's declarations, they nevertheless lack the requisite minimum detail to demonstrate the adequacy of the SEC's search. While the SEC is not required to search every one of its record systems, "[a] reasonably detailed affidavit, *setting forth the search terms and the type of search performed*, and averring that all files likely to contain responsive materials (if such records exist) were searched, is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate[.]" *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (emphasis added); *see also Citizens Comm'n*, 45 F.3d at 1328 ("[A]ffidavits describing agency search procedures are sufficient for purposes of summary judgment only if they are relatively detailed in their description of the files searched and the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith.") (quoting *Zemansky*, 767 F.2d at 571) (internal quotation marks omitted).

Nowhere in Ms. Cozza's declarations does she describe in any meaningful detail *the process or procedures* by which the SEC undertook the searches for records responsive to Plaintiff's requests. She does not describe any databases or files that were searched, the search terms used to define the search, or discuss how all files likely to contain responsive materials were searched. *Oglesby*, 920 F.2d at 68. Instead, Ms.

7

Cozza's declarations contain vague or conclusory statements about another SEC employee's efforts to search for responsive records. As a result, the Court is unable to ascertain whether the SEC conducted an adequate search.

However, although the SEC has not met its burden to demonstrate that it conducted adequate searches for Plaintiff's FOIA requests, Plaintiff also has not met his burden to show an absence of genuine material fact that the SEC conducted an inadequate search. Surprisingly, Plaintiff relies on the same portions of Ms. Cozza's declarations that the Court sustains his objections to as "pro[of] the SEC failed to conduct an adequate search." (Pl.'s Cross-Mot. at 8.) Having sustained Plaintiff's objections, the Court will not consider this evidence as part of its analysis of Plaintiff's cross-motion. Fed. R. Civ. P. 56(c)(4).

Plaintiff also argues that the SEC's failure to produce and identify certain documents referenced in other documents he received, or an SEC generated index of the 44,000 Malkin documents establishes that the SEC did not conduct an adequate search. (Cross-Mot. at 9, 13-14.) But "[t]he fact that a document once existed does not mean that it now exists; nor does the fact that an agency once created a document necessarily imply that the agency has retained it." *Lawyers' Comm. for Civil Rights of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1130-31 (N.D. Cal. 2008). "The agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." *Id.* (citing O'Reilly, Federal Information Disclosure, § 9:8 (2007 Suppl.)). Plaintiff does not offer any other evidence; he only provides his own conclusions that the SEC did not conduct an adequate search, which is insufficient in a motion for summary judgment.

In sum, after reviewing the parties' briefings, the record, and admissible evidence submitted, the Court is unable to conclude, as a matter of law, whether or not the SEC failed to conduct a "reasonably calculated" search to uncover all relevant documents. *Lahr*, 569 F.3d at 986. As a result, based on this undeveloped record, summary judgment

8

3:15-cv-02750-BEN-BGS

is not warranted. Fed. R. Civ. Proc. 56(a). Therefore, Plaintiff's cross-motion for summary judgment as to this issue is **DENIED without prejudice**.

**B.     Exemptions**

"FOIA's strong presumption in favor of disclosure places the burden on the government to show that an exemption properly applies to the records it seeks to withhold." *Hamdan*, 797 F.3d at 772 (citing *Lahr*, 569 F.3d at 973). To prevail in a motion for summary judgment, a defendant agency "must show that . . . any claimed exemptions actually apply, and that any reasonably segregable, non-exempt parts of records have been disclosed after redaction of exempt information." *Light v. Dep't of Justice*, 968 F. Supp. 2d 11, 23 (D.D.C. 2013) (citing *Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010).

To meet its burden, an agency typically submits an index and detailed affidavits which, collectively, "identify the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Lahr*, 569 F.3d at 989 (quoting *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082). Also known as a *Vaughn* index, it must be "detailed enough for the district court to make a *de novo* assessment of the government's claim of exemption." *Id.*; *see also* 5 U.S.C. § 552(a)(4)(B) (authorizing district court to review a requestor's complaint under FOIA *de novo*). "[C]onsiderable deference" is given to an agency's affidavits that are made in apparent good faith, and "where the affidavits reasonably describe the justifications for nondisclosure and show that the content withheld falls within one of FOIA's exemptions." *Hamdan*, 797 F.3d at 772 (citing *Hunt*, 981 F.2d at 1119). Nevertheless, because of FOIA's overarching goal of public disclosure, its exemptions are narrowly interpreted. *Watkins v. U.S. Bureau of Customs & Border Prot.*, 643 F.3d 1189, 1194 (9th Cir. 2011) (citing *Lahr*, 569 F.3d at 973).

1.     Exemption 4

The SEC has withheld *Vaughn* index item numbers 1-23 and 51 under Exemption 4. (Docket No. 22-2, *Vaughn* Index at 1-6, 13.) It moves for summary judgment that it

properly withheld production of these documents under Exemption 4.  Plaintiff cross-moves for summary judgment that Exemption 4 does not apply to the withheld documents and for an order requiring the SEC to produce them.

FOIA's Exemption 4 exempts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).  In the Ninth Circuit, a government agency invoking Exemption 4 must demonstrate that the information it seeks to protect is "(1) commercial [or] financial information, (2) obtained from a person or by the government, (3) that is privileged or confidential." *GC Micro Corp. v. Def. Logistics Agency*, 33 F.3d 1109, 1112 (9th Cir. 1994), *overruled on other grounds in ALDF*, *supra*, 836 F.3d at 990.  A district court construes the terms "commercial or financial" under their ordinary meanings. *Watkins*, 643 F.3d at 1194 (citing *Pub. Citizen Health Research Group v. FDA,* 704 F.2d 1280, 1290 (D.C. Cir. 1983)).  The SEC does not claim a privilege applies to any of the documents it withheld under Exemption 4.  Thus, the Court's inquiry is limited to a determination of whether any of the documents are confidential.

"[C]ommercial or financial matter is 'confidential' for purposes of [Exemption 4] if disclosure of the information is likely to have either of the following effects: (1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.* (citing *Nat'l Parks and Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974)).[4]  Based on a review of the Exemption 4 redaction descriptions in its *Vaughn* index, it appears that the SEC only relies on the second

---

[4] As Plaintiff correctly notes, in its opening brief, the SEC agreed that district courts in the Ninth Circuit apply the *National Parks* test for confidentiality. (*See* Mot. at 8) ("[D]istrict courts in this circuit have adhered to the *National Parks* test.")  However, in its reply, the SEC invites the Court apply the test set forth by the D.C. Circuit in *Critical Mass Energy Project v. Nuclear Regulatory Comm'n*, 975 F.2d 871 (D.C. Cir. 1992), which held that "financial or commercial information provided to the Government on a

interest. Specifically, the SEC argues that disclosure of the withheld documents would "likely cause [Malkin] competitive harm" by: 1) causing Malkin to suffer "reputational harm with the third parties who submitted the records to Malkin"; 2) "reveal to Malkin's competitors the types of records Malkin maintains regarding its real estate portfolio"; and 3) revealing listings of the tenants at Malkin's various properties, which would "enable Malkin's competitors to identify and contact these tenants regarding leases at competing properties." (Mot. at 8-9.)

Competitive harm analysis is "limited to harm flowing from the affirmative use of proprietary information by *competitors*. Competitive harm should not be taken to mean simply any injury to competitive position." *Watkins*, 643 F.3d at 1195 (citing *Pub. Citizen Health Research Group*, 704 F.2d at 1291-92 & n. 30 (emphasis original)). Additionally, "the test for confidentiality is an objective one." *National Parks*, 498 F.2d at 766–67 (internal citations omitted). The *National Parks* court emphasized that "[w]hether particular information would customarily be disclosed to the public by the person from whom it was obtained is not the only relevant inquiry in determining whether that information is 'confidential' for purposes of [Exemption 4]. A court must also be satisfied that non-disclosure is justified by the legislative purpose which underlies the exemption." *Id.* at 767.

Here, although the SEC has identified the type of injury Malkin might suffer, the SEC has not put forward a detailed explanation of how the injury would result from disclosure of the documents. First, the SEC relies solely on the Cozza and Keltner declarations to support its decision to withhold the disputed documents, which the Court sustains Plaintiff's objections to in pertinent part. *See infra*, Objections. However, even

---

voluntary basis" is also confidential under Exemption 4. (Def.'s Reply at 6, citing *Critical Mass* at 879.) As the SEC acknowledges, the Ninth Circuit "has never addressed or adopted the *Critical Mass* test" despite multiple opportunities to do so. (Mot. at 8; *see also* Def.'s Reply at 6.)

11

if the Court had considered the declarations, they nevertheless contain only speculative and conclusory statements that Malkin would suffer reputational harm or harm to its competitive position.

Second, even if the Court were to rely solely on the justifications stated in the *Vaughn* index, the SEC made no effort to tailor its explanation for withholding the documents. Instead, the *Vaughn* index recites the same nonspecific and conclusory explanation as to why the documents were withheld for each item number: "Redacted in full to protect [Malkin's] commercial and financial information that it submitted voluntarily and would not customarily release to the public." (*Vaughn* Index at 1-7, 13.) "Boilerplate" explanations for non-disclosure that fail to "tailor the explanation to the specific document withheld" are insufficient. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1136 (9th Cir. 2008) (citing *Wiener v. FBI*, 943 F.2d 972, 978-79 (9th Cir. 1991)). The SEC has clearly not met its burden in this regard.

In particular, the Court is not convinced that the Malkin Index (item number 51), which the SEC indicates is a "spreadsheet" that describes an "index of documents [Malkin] produced in class action litigation" could ever be considered confidential under Exemption 4. It may be that the documents described by the Malkin Index fall within a FOIA exemption, but the Court finds that an index or spreadsheet describing the existence of potentially exempt documents is not protected by Exemption 4. Therefore, the Court **DENIES** the SEC'S summary judgment motion as to item number 51, and **GRANTS** Plaintiff's summary judgment motion as to the same.

Lastly, the Court notes that, for item numbers 10 and 15, the SEC also asserts FOIA Exemptions 6 and 7(C), which essentially permits withholding of information that would constitute an "unwarranted invasion of personal privacy." *See Bowen v. FDA*, 925 F.2d 1225, 1228 (9th Cir. 1991) (internal citations omitted). Plaintiff states he has advised the SEC that he does not seek investors' names and contact information, and asks the Court to "limit the scope of the information the SEC may withhold under Exemptions 6 and 7(C) to investors' names and contact information." (Cross-Mot. at 16-17.)

12

3:15-cv-02750-BEN-BGS

Plaintiff correctly argues that the SEC has a duty to segregate non-exempt material from exempted material. *See Hamdan*, 797 F.3d at 778-89 ("FOIA provides that any 'reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.'") (quoting 5 U.S.C. § 552(b)). Plaintiff also accurately asserts that the SEC did not put forth any evidence, admissible or otherwise, suggesting it had attempted to segregate non-exempt portions of the documents. However, Plaintiff also has not met his burden to demonstrate that no genuine issue of material fact exists for trial. Plaintiff again relies on the same declarations he successfully objected to, and the remaining evidence he provided serves to rebut the facts asserted in those declarations.

Thus, based on the record before it, the Court is unable to resolve, as a matter of law, whether the SEC's application of Exemption 4 was justified. Therefore, the Court **DENIES without prejudice** both the SEC's and Plaintiff's motion and cross-motion for summary judgment as to item numbers 1-23.

2. <u>Exemption 5</u>

The parties have also moved for summary judgment as to the SEC's withholding of *Vaughn* index item numbers 24-50 and 52 under FOIA Exemption 5. As it did with *Vaughn* index item numbers 10 and 15, the SEC also asserts FOIA Exemptions 6 & 7(C) for item number 28. Plaintiff did not directly address item number 28 in his briefings, but generally agreed that the SEC may properly withhold "investors' names and contact information" under these exemptions. (Cross-Mot. at 17.) Therefore, the Court shall only address Plaintiff's challenges to the SEC's application of Exemption 5.

Under Exemption 5, an agency may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 shields from production "documents . . . normally privileged in the civil discovery context." *Carter v. United States DOC,* 307 F.3d 1084, 1088 (9th Cir. 2002) (citing *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 (1975)). As a result, Exemption 5 "includes a 'deliberative

13

3:15-cv-02750-BEN-BGS

process' privilege." *Carter,* 307 F.3d at 1088-89 (citing *Dep't of the Interior v. Klamath Water Users Protective Assoc.,* 532 U.S. 1, 8 (2001)). Pursuant to the deliberative process privilege, an agency may withhold "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Carter,* 307 F.3d at 1089.

A document falls within the deliberative process privilege, if it is both "predecisional" and "deliberative." *Carter,* 307 F.3d at 1089 (citing *Assembly of California v. U.S. Dep't of Commerce,* 968 F.2d 916, 920 (9th Cir. 1992)). The Ninth Circuit has described predecisional documents as follows:

> A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the deliberative process, if the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

*Carter,* 307 F.3d at 1089 (internal quotation and citation omitted).

For the same reasons the Court is unable to conclude whether the SEC properly applied Exemption 4, it finds it is unable to conclude whether the SEC properly applied Exemption 5, namely that the record and admissible evidence before it is insufficient to make such a determination. The SEC and Plaintiff again rely on Ms. Cozza's declarations, and the SEC puts forward essentially the same boilerplate statement that the documents were withheld as "attorney work product, deliberative process." (*Vaughn* Index at 7-13.) Additionally, the SEC again failed to show that it had even attempted to meet its duty to segregate non-exempt material.

In sum, neither party has demonstrated they are entitled to summary judgment as a matter of law. Accordingly, the Court **DENIES without prejudice** both the SEC's and Plaintiff's motion and cross-motion for summary judgment.

C.  **Plaintiff's Request for Discovery**

In his reply brief, Plaintiff requested the Court "set the depositions of FOIA Specialist Luetkenhaus and Branch Chief McInerney and direct the SEC to release all writings generated by the FOIA office relating to its efforts to comply with Edelman's FOIA requests." (Pl.'s Reply at 10.) The Court does not agree that discovery is necessary at this time. "Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." *Lion Raisins*, 354 F.2d at 1082. A district court may allow the government to move for summary judgment prior to permitting a plaintiff to conduct discovery. *Lane*, 523 F.3d at 1134.

Thus, the Court shall allow the SEC an additional opportunity to again move for summary judgment and attach admissible declarations responsive to this Court's Order. *See, e.g. Jarvik v. CIA*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."). Whether Plaintiff will eventually be entitled to discovery may depend on the SEC's ability to submit evidence that it conducted an adequate search. *See, e.g., id.* ("Only if the agency has not undertaken an adequate search for responsive documents is discovery appropriate.").[5]

## OBJECTIONS

Finally, the Court shall address the objections raised by both parties. Plaintiff objects to the Declarations of Carin M. Cozza (Docket No. 22-2, "Cozza Decl."; Docket No. 25-1, "Supp. Cozza Decl.") and Thomas N. Keltner, Jr. (Docket No. 22-3, "Keltner Decl."; Docket No. 22-4, "Supp. Keltner Decl."). The SEC objects to portions of

///

---

[5] Similarly, the Court finds Plaintiff's request "for an order under 17 C.F.R. 200.83(g) to make 'both request and substantiation may become part of the public court record [sic]'" is not necessary at this time. (Cross-Mot. at 18.)

Plaintiff's opposition and cross-motion for summary judgment. The Court analyzes each objection in turn.

Plaintiff contends that the Cozza Decl. and Supp. Cozza Decl. should not be considered in their entirety because Ms. Cozza admits to relying on written and oral hearsay, but does not identify which statements were based on her own personal knowledge and which were on hearsay. (Docket No. 23, Pl.'s Cross-Mot. at 7; Docket No. 27, Pl.'s Reply at 2-4.) Alternatively, Plaintiff objects to paragraphs 3-5, 7-8, 10, 14, 16, 19, and 23 of the Cozza Decl. as inadmissible hearsay or conclusions based on hearsay. (Pl.'s Cross-Mot. at 7.) In a motion for summary judgment, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The parties agree that in the context of an action under FOIA, an agency may rely on "an affidavit from an agency employee responsible for supervising a FOIA search" in order to satisfy Rule 56's personal knowledge requirement. *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009).[6] The parties disagree over whether Ms. Cozza is "an agency employee responsible for supervising a FOIA search." *Id.*

In her initial declaration, Ms. Cozza states she is "a Senior Attorney in the Office of General Counsel ("OGC") for the [SEC]" and has served in this capacity for two years. (Cozza Decl. ¶ 1.) Her duties include "reviewing administrative appeals of decisions issued by the [SEC's] Office of FOIA Services ("FOIA Office") regarding Freedom of Information ("FOIA") requests." (*Id.*) Although Ms. Cozza describes how FOIA Lead Research Specialist Jason Luetkenhaus and the FOIA Office searched for records responsive to Plaintiff's requests, nowhere in her declarations does she discuss how she supervised or was involved in any way in the searches. In fact, Ms. Cozza's declarations

---

[6] *See* Def.'s Reply at 3; Pl.'s Reply at 3.

demonstrate that she works in a separate office (the OGC) from the FOIA office, and is responsible for reviewing appeals to decisions by the FOIA office after a search has already been conducted. (Cozza Decl. ¶ 1; Supp. Cozza Decl. ¶¶ 3-5.)

As a result, the SEC has not established that Ms. Cozza is "an agency employee responsible for supervising" Plaintiff's FOIA searches. *Lahr*, 569 F.3d at 990. However, certain portions of Ms. Cozza's declarations do state facts based on her own personal knowledge. Therefore, the Court sustains Plaintiff's objections to paragraphs 3-5, 7-8, 14, 16, and 19 of the Cozza Decl. and paragraphs 3-4 and 8 of the Supp. Cozza Decl. inasmuch as they are not based on Ms. Cozza's personal knowledge or supervision of the SEC's searches for records responsive to Plaintiff's FOIA requests. Similarly, the Court sustains Plaintiff's objections to paragraphs 10 and 23 of the Cozza Decl. because it is unclear whether Ms. Cozza's statements are based on her own personal knowledge. Plaintiff's objections to the remaining portions of the Cozza declarations are overruled.

Plaintiff next objects that the Keltner Decl. should not be considered in its entirety on the grounds that it "violates the best evidence rule, lacks authentication, is hearsay is irrelevant and states legal conclusions." (Pl.'s Cross-Mot. at 7.) Plaintiff further objects to paragraphs 2-10 of the Supp. Keltner Decl. on the grounds that the statements are "inadmissible conclusions and hearsay by a non-expert unsupported by evidence establishing the facts upon which the conclusions are based." (*Id.* at 8.) The SEC did not respond to Plaintiff's objections to either Keltner declaration.

The Court agrees that the Keltner declarations lack authentication. The Keltner declarations indicate they were prepared to support an appeal for FOIA Confidentiality Treatment, not the SEC's motion for summary judgment. (Keltner Decl. at 1, Supp. Keltner Decl. ¶ 1.) The SEC failed to submit any affidavit or declaration to authenticate the Keltner declarations. Moreover, the Court has reviewed the Keltner declarations and agrees that they assert unfounded factual and legal conclusions. Therefore, the Court sustains Plaintiff's objections to both Keltner declarations.

Finally, the SEC objects as "improper" portions of Plaintiff's opposition and cross-motion for summary judgment, which it describes as "sweeping attacks on the [SEC's] motives and conduct over long periods of time, on issues unrelated to the merits of this case, and on issues unrelated to the [SEC's] conduct with respect to this FOIA request." Plaintiff did not respond to the SEC's objection. The Court agrees that the disputed portions of Plaintiff's briefings do not appear relevant to his present claim, or support his cross-motion. Therefore, the Court sustains the SEC's objections as to the portions of Plaintiff's opposition and cross-motion for summary judgment that consist of argument unrelated to his specific FOIA requests or the SEC's conduct regarding his FOIA requests.

## CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** the SEC's Partial Motion for Summary Judgment, and **DENIES in part, without prejudice,** Plaintiff's Cross-Motion for Summary Judgment as to the adequacy of the SEC's search for documents responsive to Plaintiff's FOIA requests and the withholding of *Vaughn* index item numbers 1-50 and 52.

The Court **GRANTS in part** Plaintiff's Cross-Motion for Summary Judgment as to item number 51 (the Malkin Index), and **ORDERS** the SEC to produce an unredacted[7] copy of the document to Plaintiff within **three (3) days** of the date of this Order.

Finally, the Court hereby **ORDERS** the SEC to file a renewed motion for summary judgment, within **thirty (30) days** of the date of this Order. The SEC's motion shall submit a revised *Vaughn* index, address both the adequacy of its search for Plaintiff's FOIA requests and the justification for its claimed exemptions by submitting detailed, admissible affidavits in accordance with this Order.

---

[7] The SEC may redact the names and contact information of individuals to protect their privacy pursuant to Exemptions 6 and 7(C) if such information appears in the Malkin Index.

The SEC is further ordered to comply with its duty to segregate non-exempt material. Plaintiff's opposition and any renewed cross-motion for summary judgment shall be filed **thirty (30) days** after the SEC files its renewed summary judgment motion. Any replies shall be due within **ten (10) days** of the respective summary judgment motion or cross-motion.

**IT IS SO ORDERED.**

Dated: September 27, 2017

Hon. Roger T. Benitez
United States District Judge

19

3:15-cv-02750-BEN-BGS