UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDELMAN,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>         Defendant. | Case No.: 3:15-cv-02750-BEN-BGS<br><br>**ORDER DENYING JOINT MOTION FOR PROPOSED BRIEFING SCHEDULE** |

Before the Court is the joint motion filed by Plaintiff Richard Edelman and Defendant United States Securities and Exchange Commission ("SEC"), wherein the parties represent that they "seek to resolve the issues raised by the pending motions for summary judgment . . . and propose a procedure for resolving the remaining open issues raised by the pleadings and records in this matter." (Docket No. 38 at p. 2,[1] "Joint Motion.") For the following reasons, the Joint Motion is **DENIED**.

///

///

///

---

[1] All references to page numbers in the parties' moving papers in this Order are to the page numbers generated by the CM/ECF system.

# BACKGROUND

The factual background of this case is well known to the parties and set forth in detail in the Court's September 27, 2017 Order, which the Court incorporates by reference. (*See* Docket No. 31 at pp. 2-4.) Accordingly, this overview is limited to the facts relevant to resolution of the Joint Motion.

This action is based on Plaintiff's claim that the SEC failed to comply with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq. to respond to his FOIA requests. Plaintiff's FOIA claims are based on two written FOIA requests to the SEC's Office of FOIA Services ("FOIA Office").

The first request was submitted on February 9, 2015, requesting:

> [A]ll documents, records, material of any nature concerning investigation in the matter of Empire State Realty Trust MNY-08894. This would include Wells Notices and Wells Submissions in response. This FOIA also requests similar documents of any other SEC investigation concerning Empire State Realty Trust.

(Docket No. 1, Compl., Ex. 1 at p. 2.) In response to this request, the SEC produced and withheld a number of documents, which Plaintiff appealed as part of the administrative appeals process.

During the SEC's review of Plaintiff's appeal, Carin Cozza, a Senior Attorney for the Office of General Counsel for the SEC, discovered the potential existence of approximately 44,000 documents on two CDs that was produced by Malkin Holdings, LLC ("Malkin") to an SEC attorney that were "likely responsive" to Plaintiff's first FOIA request. The SEC subsequently placed the two CDs in a queue for complex requests because of the time needed to process the volume of documents.

The second FOIA request was sent on March 11, 2015, and requested the "SEC Division of Enforcement Case Closing Report in the matter of Empire State Realty Trust Inc." (Compl., Ex. 14.) After exhausting his administrative remedies for both of these requests, Plaintiff filed the instant lawsuit asserting under the FOIA.

On September 27, 2017, the Court denied without prejudice the SEC's motion for partial summary judgment, and granted in part and denied in part Plaintiff's cross-motion for summary judgment. (Docket No. 31.) The Court further ordered production of an index (the "Malkin Index") that purportedly itemized the 44,000 Malkin documents, and issued a scheduling order for the SEC's renewed motion for summary judgment and Plaintiff's response and cross-motion for summary judgment. (*Id.*)

Subsequently, on November 17, 2017, the SEC filed its pending renewed motion for partial summary judgment. (Docket No. 37.) However, on December 11, 2017, the parties' filed the instant Joint Motion indicating that they had conditionally resolved the issues raised in the SEC's pending renewed motion, contingent upon the Court's issuance of a new scheduling order regarding motions for summary judgment as to 118 newly requested records. (Docket No. 38.) That issue is not properly before the Court, and therefore the Joint Motion must be denied.

## DISCUSSION

"In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action." *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) (citing *U.S. v. Steele,* 799 F.2d 461, 465–66 (9th Cir. 1986) ("The complainant must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under the FOIA.")). "Where a plaintiff has not complied with these procedures, district courts lack jurisdiction over the claim under the exhaustion doctrine and will dismiss the claim for lack of subject matter jurisdiction." *Id.*

Here, according to the Joint Motion, after the SEC produced the Malkin Index pursuant to the Court's September 27, 2017 Order, Plaintiff identified 118 new records he wished be produced. (Docket No. 37 at p. 2.) This is corroborated by the SEC's renewed summary judgment motion, which represents that after the SEC produced the Malkin

Index to Plaintiff's counsel on October 2, 2017, Plaintiff's counsel emailed a request for 118 of the records identified in the index. (Docket No. 37 at p. 4.) The SEC's motion further relates that it has not fully adjudicated Plaintiff's request for these records. Moreover, it appears from the record that the requested records were discovered and placed in a queue for processing after Plaintiff lodged the two FOIA requests that are the subject of this action. (*See* Docket No. 22-2, Decl. of Carin Cozza ¶ 16.)

Thus, it does not appear to the Court that Plaintiff has exhausted his administrative remedies with respect to the newly requested records, or even that he has made a formal FOIA request for those records. As a result, the Court lacks subject matter jurisdiction over this newly raised claim. Therefore, the Joint Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 12, 2017

_____
Hon. Roger T. Benitez
United States District Judge